# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**MARY FLAGG,**

      **Plaintiff,**

v.                                      **CASE NO. 8:21-CV-00178-WFJ-AEP**

**MEALS ON WHEELS OF SARASOTA, INC.,**
A Florida not for profit corporation,

      **Defendant.**

_____\

## JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT

Plaintiff Mary Flagg ("Plaintiff") and Defendant Meals on Wheels of Sarasota, Inc. ("Defendant") (hereinafter, collectively "the Parties"), file this Joint Motion for Approval of the Settlement Agreement and Release of Claims Under the FLSA ("the Settlement Agreement") and in support thereof, state as follows:

1. On or about January 22, 2021, Plaintiff filed a one count Complaint against Defendant ("the Lawsuit") alleging failure to pay overtime compensation under the Fair Labor Standards Act ("FLSA").

2. Through counsel, the Parties have exchanged relevant documents in this matter, have discussed Plaintiff's allegations in the Complaint and Defendant's defenses to those allegations, and have had the opportunity to evaluate the strengths and weaknesses of their respective claims and defenses. Plaintiff acknowledges that her range of recovery, even if she were to prevail, is highly uncertain. The Parties disagree over basic factual allegations pertaining to the number of hours worked by Plaintiff. Defendant vigorously denies that Plaintiff is owed any additional compensation, and represents that, at all times, Defendant acted in good faith.

3. Without admitting any liability or wrongdoing whatsoever, and solely to avoid the time, expense, and uncertainty of litigation, the Parties entered the Settlement Agreement, a copy of which is attached hereto as Exhibit "1".

4. In the Settlement Agreement, Plaintiff released her FLSA claim for ten thousand nine hundred fifty-seven dollars ($10,957.00), inclusive of all attorney's fees and costs, as follows: (i) three thousand five hundred dollars ($3,500.00), less applicable taxes and deductions, payable to Plaintiff for alleged unpaid wages; (ii) three thousand five hundred dollars ($3,500.00) payable to Plaintiff for alleged liquidated damages; and (iii) three thousand nine hundred fifty-seven dollars ($3,957.00) payable to Weldon & Rothman, PL: $3,500.00 for attorney's fees and $457.00 for costs.

5. The Parties request approval of the Settlement Agreement. Because Plaintiff's action involves a claim under the FLSA, the Parties' Settlement Agreement must be approved by this Court.

**I.  Legal Analysis**

6. There are two ways in which wage claims under the FLSA may be settled and released by employees. Under section 216(c), an employee may settle and waive FLSA claims if the Secretary of Labor supervises the payment of wages. See 29 U.S.C. 216(c); Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 (11th Cir. 1982). The only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under Section 216(b) to recover wages. When employees bring a private action for wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness. Id.

(citing Schulte, Inc. v. Gangi, 328 U.S. 108, 113 n.8 (1946); Jarrard v. Southeastern Shipbuilding Corp., 163 F.2d 960, 961 (5th Cir. 1947)).

      7.      The Eleventh Circuit has explained its reasoning for permitting district courts to approve settlement agreements:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

Lynn's Food Stores, Inc., 679 F.2d at 1354.

      8.      The settlement of the instant action involves a situation in which this Court may approve the Settlement Agreement and release the Plaintiff's FLSA claims. The settlement arises out of an action filed by the Plaintiff against her former employer, which was adversarial in nature. During the litigation and settlement of this action, the Parties were represented by experienced counsel. The settlement arises out of an arm's length negotiation between the Parties after each evaluated the relative merits of their respective positions.

**II.**      **Terms of Settlement**

Plaintiff will receive what she maintains are full damages as part of the settlement as follows: $3,500.00, less applicable taxes and deductions, in actual damages and $3,500.00 in liquidated damages. Because Plaintiff will receive all amounts to which she alleges she is entitled under the FLSA in full, without compromise, no judicial review is necessary. *See*

*Gerzanick v. Superior Aircraft Services, Inc.*, No. CIV.A. 6:11-791-Orl-28KRS, 2011 WL 4054633, at *1-2 (M.D. Fla. Sept. 2, 2011) (court need not scrutinize settlement given plaintiffs did not compromise their claims).

Plaintiff's counsel will receive $3,957.00 representing $3,500.00 as payment for attorney's fees and $457.00 as reimbursement for costs. The attorney's fees and costs were negotiated separately from and without regard to the settlement sums being paid to Plaintiff. *See also Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp.2d 1222, 1228 (M.D. Fla. 2009).

### III. Conclusion

The Parties respectfully request that this Court approve the Settlement Agreement and dismiss the Lawsuit, in its entirety, with prejudice.

Respectfully submitted, this 3rd day of March, 2021.

| | |
|---|---|
| WELDON & ROTHMAN, PL<br>2548 Northbrooke Plaza Drive<br>Naples, Florida 34119<br>(239) 262-2141<br>(239) 262-2342 (fax)<br>Attorneys for Plaintiff | SHUMAKER, LOOP & KENDRICK, LLP<br>240 South Pineapple Avenue<br>Post Office Box 49948<br>Sarasota, Florida 34230-6948<br>(941) 366-6660; (941) 366-3999 (fax)<br>Attorneys for Defendant |
| By: */s/ Bradley P. Rothman*<br>    Bradley P. Rothman, Esq.<br>    Fla. Bar No. 0677345<br>    brothman@weldonrothman.com | By: */s/Jason A. Collier*<br>    Jason A. Collier, Esq,<br>    Fla. Bar No. 0733318<br>    jcollier@shumaker.com |

# SETTLEMENT AGREEMENT AND
# RELEASE OF CLAIMS UNDER THE FLSA

1. This Settlement Agreement ("Agreement") is between Mary Flagg (hereinafter referred to as "Plaintiff" a term which includes Ms. Flagg's successors, beneficiaries, personal representatives, and heirs), and Meals on Wheels of Sarasota, Inc. (hereinafter referred to as "Defendant" a term which includes each and every officer, director, employee, agent, parent corporation or subsidiary, affiliate or division, its successors, assigns, beneficiaries, servants, legal representatives, insurers and heirs).

2. For and in consideration of the promises outlined in Paragraph 3 of this Agreement, Plaintiff agrees as follows:

    A. To settle Plaintiff's Fair Labor Standards Act ("FLSA") claim in Count I of Plaintiff's Complaint and release and forever discharge Defendant from any claims or actions under the FLSA.

    B. To voluntarily dismiss CASE NO.: 8:21-cv-00178-WFJ-AEP, pending in the United States District Court for the Middle District of Florida ("the Lawsuit"), with prejudice.

    C. To agree that this settlement constitutes payment in full for all overtime which is the subject matter of Plaintiff's FLSA claim in the Lawsuit;

    D. That this Agreement does not constitute an admission by Defendant of any violation of any federal, state, or local statute or regulation, and that Defendant specifically denies any liability relating to Plaintiff's FLSA claim raised in the Lawsuit.

3. For and in consideration for the promises made by Plaintiff in Paragraph 2 of this Agreement, Defendant agrees to pay Plaintiff ten thousand nine hundred fifty-seven dollars and zero cents ($10,957.00), inclusive of all attorneys' fees and costs, as follows:

    (1) a check made payable to Mary Flagg in the amount of $3,500.00 representing actual damages, less applicable taxes and deductions, for which a W-2 shall issue to Ms. Flagg;
    (2) a check made payable to Mary Flagg in the amount of $3,500.00 representing liquidated damages, for which a 1099 shall issue to Ms. Flagg;
    (3) a check made payable to Weldon & Rothman, PL for $3,957.00 which represents payment of $3,500.00 for Plaintiff's attorney's fees and $457.00 in costs, for which separate 1099's shall issue to Ms. Flagg and Weldon & Rothman, PL.

   The above referenced checks shall be provided to Plaintiff's counsel, Bradley P. Rothman, Esq. Weldon & Rothman, PL 2548 Northbrooke Plaza Drive, Naples, FL  34119 within ten (10) days after the Court enters an Order approving this Agreement and dismissing the litigation in its entirety with prejudice.

4. Plaintiff and Defendant agree that this Agreement is entered into knowingly and voluntarily, after having the opportunity to fully discuss it with an attorney.  Having had the opportunity to obtain the advice of legal counsel to review, comment upon, and redraft the Agreement, the parties agree that the Agreement shall be construed as if the parties jointly prepared it so that any uncertainty or ambiguity shall not be interpreted against any one party and in favor of the other.

5. Should any provision of this Agreement be declared or determined by any court of competent jurisdiction to be illegal or invalid, the validity of the remaining parts, terms or provisions shall not be affected thereby and said illegal or invalid part, term or provision shall be deemed not to be a part of this Agreement and all other valid provisions shall survive and continue to bind the parties.

6. The law governing this Agreement shall be that of the United States and the State of Florida.

DATE: 3-2-21  Signature: *Mary Flagg*
           Mary Flagg

DATE: _____  Signature: _____,
           Meals on Wheels of Sarasota, Inc.

          Its: _____

2

The above referenced checks shall be provided to Plaintiff's counsel, Bradley P. Rothman, Esq. Weldon & Rothman, PL 2548 Northbrooke Plaza Drive, Naples, FL 34119 within ten (10) days after the Court enters an Order approving this Agreement and dismissing the litigation in its entirety with prejudice.

4. Plaintiff and Defendant agree that this Agreement is entered into knowingly and voluntarily, after having the opportunity to fully discuss it with an attorney. Having had the opportunity to obtain the advice of legal counsel to review, comment upon, and redraft the Agreement, the parties agree that the Agreement shall be construed as if the parties jointly prepared it so that any uncertainty or ambiguity shall not be interpreted against any one party and in favor of the other.

5. Should any provision of this Agreement be declared or determined by any court of competent jurisdiction to be illegal or invalid, the validity of the remaining parts, terms or provisions shall not be affected thereby and said illegal or invalid part, term or provision shall be deemed not to be a part of this Agreement and all other valid provisions shall survive and continue to bind the parties.

6. The law governing this Agreement shall be that of the United States and the State of Florida.

DATE:_____     Signature: _____
                                  Mary Flagg

DATE: 3-3-21            Signature: _____
                                  Meals on Wheels of Sarasota, Inc.

                        Its: _____
                             Executive Director

2